UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


JOSEPH N. SKIPPER,

       Plaintiff,

v.                                                                                          Case No. 2:06-cv-24
                                                                                     HON. GORDON J. QUIST

OFFICER HILL, et al.,

       Defendants.

_____/


## REPORT AND RECOMMENDATION

Plaintiff Joseph N. Skipper, a prisoner confined at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against defendants corrections officer Hill and corrections officer Savera. Plaintiff alleges that he filed a grievance on October 5, 2004, concerning the denial of showers. Plaintiff asserts that he was lucky if defendant let him out once or twice per week. On October 23, 2004, plaintiff filed a grievance against defendant Hill for announcing in the presence of other inmates, "This man robbed Rosa Parks. Can anybody tell me who he is?" Then, after a few seconds, defendant Hill stated, "Why it's Skipper, he's the one." Plaintiff filed another grievance on December 4, 2004, against defendant Hill after he went to plaintiff's cell and stated "Do you know who is on this picture Skipper? It's a picture of that old lady you robbed, Rosa Parks." Defendant Hill allegedly showed other inmates the picture. Plaintiff filed a grievance against defendant Hill on December 4, 2004, after defendant Hill went to plaintiff's cell for a shakedown. Plaintiff alleges that this was done solely to harass him. Hill allegedly told another prisoner, "Is this your grievance? You and Skipper better watch out about

writing these grievances on me." Defendant Hill also allegedly stated to plaintiff, "You old child molester I just read your file up there. How can you live with yourself raping your own granddaughter?" and "Did you really rob and beat that old woman Rosa Parks? You can't lie, because I happened to look in your file." Plaintiff requests $50,000 in compensatory damages, $225,500 in actual damages for emotional injury, punitive damages and injunctive relief. Defendants have moved for summary judgment.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue

of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendants argue that plaintiff is precluded from asserting a claim that officers at LMF wrongfully disclosed to other inmates that plaintiff robbed civil rights leader Rosa Parks, as this court has already determined that such a claim is not actionable because it is common knowledge within LMF that plaintiff robbed Rosa Parks. In *Skipper v. Ollis*, Case No. 2:04-cv-121, plaintiff sued defendant Ollis for disclosing that he had robbed Rosa Parks to other inmates. In affirming the dismissal of the complaint, the Sixth Circuit stated:

> The district court noted that Ollis had allegedly made the statement once, and that the one instance could not have caused a violation of Skipper's constitutional rights became most of the prisoners knew that Skipper assaulted Rosa Parks, as the story was reported in the national media. This single incident is too isolated to show a substantial risk of harm to Skipper. It is important to note that Skipper was already in administrative segregation and had a reduced risk of contact with other inmates.

Case No. 2:04-cv-121, docket #28. The doctrine of issue preclusion bars issues of fact or law that were decided and necessary to the judgment in subsequent proceedings, on a different cause of action, against any party to the prior proceeding. *Allen v. McCurry*, 449 U.S. 92, 94, 101 S.Ct. 411, 414 (1980). Contrary to defendants' argument LMF corrections officers do not now have free reign to disclose to prisoners that plaintiff robbed Rosa Parks if that disclosure could place plaintiff in danger of harm. Rather, defendants must not act with deliberate indifference to a substantial risk of harm to plaintiff. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). The issue presented in this case is not identical to the issue presented against defendant Ollis in the prior case. If defendant Hill made statements that were designed to place plaintiff in danger, defendants cannot hide behind the result in *Ollis* as a defense to improper conduct.

However, not every unprofessional action or inappropriate comment by a corrections officer supports a constitutional claim. Plaintiff's complaint is silent as to what constitutional right he is asserting was violated. Under the circumstances of this case, plaintiff has failed to show that his Eighth Amendment rights were violated by defendant Hill's statements. Defendant Hill denies making statements to plaintiff about Rosa Parks and denies possessing a picture of Rosa Parks. Nevertheless, the statements, even if made were allegedly isolated statements. Plaintiff is an administrative segregation prisoner and therefore does not have much contact with other prisoners. Plaintiff does not allege that he has suffered any harm as a result of defendant Hill's statements.

Plaintiff alleges that he was denied a shower or possibly multiple showers. Segregation prisoners are offered three showers per week according to defendants. A prisoner must be ready and properly dressed at their cell front before being released for showering. Defendant Savera has asserted that on October 5, 2004, plaintiff was provided the opportunity for a shower but he was not ready at his cell door as required by the rules. Moreover, one missed shower does not rise to a violation of the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene societies "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged "must result in the denial of 'the minimal civilized measure of life's necessities.'" *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-601 (6th Cir. 1998), *cert. denied*, 119 S. Ct. 1028 (1999). Moreover, the Eighth Amendment is only concerned with "deprivations of essential food, medical

care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348. The federal courts may not intervene to remedy conditions that are merely unpleasant or undesirable. In the opinion of the undersigned, plaintiff cannot show that his Eighth Amendment rights were violated by missing one shower, or even an occasional shower over an extended period of time.

Similarly, plaintiff cannot establish that defendants took adverse action against in retaliation for past grievance filings. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 *1037 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, in least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). Plaintiff has not presented any evidence supporting any of the elements of a retaliation claim.

Defendants argue an entitlement to qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir.

1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

When determining whether a right is clearly established, this court must look first to decisions of the United States Supreme Court, then to decisions of the Sixth Circuit and to other courts within this Circuit, and finally to decisions of other circuits. *Dietrich*, 167 F.3d at 1012. An official action is not necessarily protected by qualified immunity merely because the very action in question has not previously been held to be unlawful. Rather, in light of pre-existing law, the unlawfulness of the official's conduct must be apparent. *Dietrich*, 167 F.3d at 1012; *Wegener v. City of Covington*, 933 F.2d 390, 392 (6th Cir. 1991).

When making a qualified immunity analysis, the facts must be interpreted in the light most favorable to the plaintiff. Part of the analysis is to determine whether there are any genuinely disputed questions of material fact. *Kain v. Nesbitt*, 156 F.3d 669, 672 (6th Cir. 1998). Where there is a genuinely disputed question of fact, it is for the trier of fact to resolve, not the judge. "This would be true notwithstanding that the trial judge found the [defendant] officer to be more credible than the plaintiff because it is not for the court to make credibility determinations at this stage of the proceeding." *Id.*

The operation of the qualified immunity standard depends substantially upon the level of generality at which the relevant legal rule is to be identified.

> The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of the pre-existing law the unlawfulness must be apparent.

*Anderson*, 483 U.S. at 639-40.  *See also Durham v. Nu'Man*, 97 F.3d 862, 866 (6th Cir. 1996), *cert. denied*, 520 U.S. 1157 (1997).

> The Sixth Circuit has observed:
>
> A right is not considered clearly established unless it has been authoritatively decided by the United States Supreme Court, the Court of Appeals, or the highest court of the state in which the alleged constitutional violation occurred.

*Durham*, 97 F.3d at 866 (citing *Robinson v. Bibb*, 840 F.2d 349, 351 (6th Cir. 1988)).

Thus, qualified immunity is not triggered only where the very action in question was previously held unlawful.  *Anderson*, 483 U.S. at 639-40.  Rather, the test is whether the contours of the right were sufficiently clear that a reasonable official would understand that what he is doing violated plaintiff's federal rights.  *Id.*

Furthermore, a defendant need not actively participate in unlawful conduct in order to be liable under Section 1983.  Rather, a defendant may be liable where he has a duty to protect a plaintiff and fails to comply with this duty.  *Durham*, 97 F.3d at 866-868 (holding that a nurse and a security guard at a state hospital may be liable under Section 1983 where they do not take action to prevent a patient from being beaten).  *See also McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990)(a correctional officer who observes an unlawful beating may be liable under Section 1983 even though he did not actively participate in the beating), and *Bruner v. Dunaway*, 684 F.2d 422 (6th Cir. 1982), *cert. denied sub nom*, *Bates v. Bruner*, 459 U.S. 1171 (1983)(police officers who stood by and observed an unlawful beating by fellow officers could be held liable under Section 1983).

When faced with a qualified immunity defense, the court must first determine whether or not the plaintiff has stated a claim upon which relief can be granted.  *Siegert v. Gilley*, 500 U.S.

226, 232 (1991); *Turner*, 119 F.3d at 429. If the court answers that question in the affirmative, the court goes on to determine whether or not the right allegedly violated was clearly established. *Turner*, 119 F.3d 425. These are both purely legal questions. The immunity issue should not be resolved if there are factual disputes on which the issue of immunity turns such that it cannot be determined before trial whether the defendants' conduct violated clearly established rights. *Hall v. Shipley*, 932 F.2d 1147, 1154 (6th Cir. 1991). In the opinion of the undersigned, defendants are entitled to qualified immunity from liability because plaintiff cannot establish a violation of his constitutional rights.

Accordingly, it is recommended that Defendants' Motion for Summary Judgment (Docket #11) be granted and that this case be dismissed in its entirety.

Further, if the court adopts this recommendation the court should decide that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court grants defendants' motion for summary judgment, the court can discern no good-faith basis for an appeal. It is recommended that should the plaintiff appeal this decision, the court assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he should be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   November 1, 2006